NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | : | |
| ENGIE POWER & GAS LLC, | : | **Civil Action No. 24-6480-JXN-AME** |
| | : | |
| Plaintiff, | : | **OPINION and ORDER** |
| | : | |
| v. | : | |
| | : | |
| ADORAMA NEW JERSEY, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ESPINOSA, U.S.M.J.**

This matter is before the Court on the motion by defendant Adorama New Jersey ("Defendant") to vacate entry of default [D.E. 14]. Plaintiff Engie Power & Gas LLC ("Plaintiff") opposes the motion. The Court has considered this motion based on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, the motion is granted.

**I.    BACKGROUND**

This is a breach of contract action arising from the alleged nonpayment for natural gas services provided by Plaintiff to two commercial buildings owned by Defendant pursuant to the New Jersey Natural Gas Firm Commercial Service Agreement executed by the parties on February 25, 2020, and renewed on May 12, 2022 (the "Service Agreement"). (Compl. ¶¶ 1-2.) According to the Complaint, Defendant stopped making payments in February 2022, resulting in Plaintiff's cessation of gas service to the buildings in 2023. (*Id.* ¶¶ 3-4.) In March 2023, Plaintiff issued a final invoice pertaining to one building for $97,477.58, and in July 2023, it issued a final

invoice pertaining to the other building for $16,638.35. (*Id.* ¶¶ 5-6.) Plaintiff alleges that, despite multiple attempts to obtain payment, the amounts owed under those final invoices remain outstanding. (*Id.* ¶ 7.)

Plaintiff filed this action on May 28, 2024. The docket indicates the Summons and Complaint were personally served on Defendant on June 3, 2024, in accordance with Federal Rule of Civil Procedure 4. (*See* Cert. of Service, D.E. 8.) Defendant failed to file a responsive pleading by the June 24, 2024 due date. Thus, on Plaintiff's request, the Clerk of Court entered default against Defendant on July 18, 2024. Plaintiff filed a motion for default judgment on August 16, 2024.

On October 9, 2024, Defendant brought this motion seeking an order setting aside the Clerk's entry of default and permitting it to file an answer out of time.

## II.    DISCUSSION

A defendant must answer or file an otherwise responsive pleading within 21 days after being served with the complaint. Fed. R. Civ. P. 12(a). Federal Rule of Civil Procedure 55 requires the clerk of court to enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" against the action. Fed. R. Civ. P. 55(a). However, the rule also provides that "the court may set aside an entry of default for good cause . . ." Fed. R. Civ. P. 55(c). Courts must consider three factors when determining whether a request to set aside default is warranted under Rule 55(c): (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether the default was the result of the defendant's culpable conduct. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984). The decision to vacate the entry of default is within the

discretion of the court, *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951). However, doubts should be resolved in favor of setting aside default and reaching a decision on the merits. *Id.* at 245; *see also Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) ("[W]e reiterate that as a general matter this court does not favor defaults and that in a close case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits."). Here, the relevant factors weigh in favor of setting aside the default.

First, the Court finds no prejudice to Plaintiff if default is set aside. Prejudice may be shown if, in the time elapsed from entry of default, the non-defaulting party's ability to pursue his claim has been hindered. *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982). "[L]oss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the [default] judgement" may support finding of prejudice. *Id.* In opposition to this motion, Plaintiff asserts it has been attempting to recover amounts due and owing for gas service provided to Defendant's commercial buildings since 2022 and argues that vacating default will only serve to further delay its recovery of amounts owed under the Service Agreement. However, in the context of reviewing and ultimately reversing a district court's entry of default judgment, the Third Circuit has cautioned that "delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening [of] a default judgment entered at an early stage of the proceeding." *Id.* at 656-57. This breach of contract action was filed less than six months ago. There is no indication evidence has been lost since default was entered in July 2024, and, notwithstanding its prompt filing of a motion for default judgment, Plaintiff has not demonstrated it substantially relies on that motion to obtain relief on its claims against Defendant. Plaintiff's ability to pursue its contractual claims for Defendant's alleged

nonpayment under the Service Agreement has not been meaningfully hindered by the two-and-a-half months between entry of default and this motion to vacate. The Court concludes Plaintiff would not be prejudiced if default against Defendant is set aside.

Second, the Court is persuaded that, for purposes of setting aside default under Rule 55(c), Defendant states a plausibly meritorious defense. Whether a defendant asserts a meritorious defense is a threshold question in determining whether good cause exists to set aside default because, as the Third Circuit has observed, "there would be no point in setting aside the default . . . if [the defendant] could not demonstrate the possibility of winning." *$55,518.05 in U.S. Currency*, 728 F.2d at 195. A party shows it has a facially meritorious defense where the "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *Tozer,* 189 F.2d at 244; *see also $55,518.05 in U.S. Currency*, 728 F.2d at 195.

Here, Defendant submits with its motion a proposed Answer to the Complaint, denying Plaintiff's factual allegations concerning nonpayment under the Service Agreement. While those denials—lacking elaboration by Defendant for its disclaimed liability—do not present as robust a defense as might be offered in support of the motion to vacate default, the Court is not called upon, at this stage of the litigation, to resolve factual disputes or evaluate the strength of the claims and defenses. Indeed, Rule 55 does not require a defaulting party to prove that it will win at trial but merely to show that it has a defense with prima facie merit. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Moreover, unlike the cases in which courts required grounds for a potential defense to be set forth with some specificity as a condition of vacating default judgment, here, no judgment has been entered against Defendant. *See, e.g., Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522-24 (3d Cir. 2006)

(holding district court did not abuse discretion in denying motion to vacate default judgment where defendant "failed to muster a meritorious defense"). Rather, the question on this motion is whether default against Defendant, for failure to file its responsive pleading in the time permitted by Rule 12, should be set aside in favor of allowing Defendant to file the Answer it proffers in its motion to vacate and, consequently, the Court may apply a less rigorous standard. *See Feliciano*, 691 F.2d at 656 ("Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment"); *but see Nat'l Specialty Ins. Co. v. Papa*, No. 11-2798, 2012 WL 868944, at *2-3 (D.N.J. Mar. 14, 2012) (recognizing many courts vacate default without requiring specific presentation of meritorious defenses but declining to follow that approach). Without expressing a view on the ultimate outcome of this litigation, the Court finds that the proffered defense, as set forth in Defendant's proposed Answer, suffices to set aside default in this very recently filed action and allow the parties to litigate the claims on the merits.

Third, the Court must determine whether Defendant's default on its obligation to respond to the Complaint resulted from its culpable conduct. In considering whether a defendant's culpable conduct led to the default, the Court must evaluate the culpability as "more than mere negligence." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984). "Reckless disregard for repeated communications from plaintiffs and the court ... can satisfy the culpable conduct standard." *Id.* Defendant maintains that an internal communication breakdown resulted in its failure to notify counsel that it was served with the Complaint and to thereafter take appropriate steps to file a timely responsive pleading. Although Plaintiff contends this explanation fails to excuse Defendant's conduct and instead appears to amount to a continued attempt to avoid payment, Defendant has now entered an appearance in this action through counsel, diligently

5

sought to vacate default, and prepared a proposed Answer. These actions strongly indicate Defendant stands ready to participate in this litigation and defend against Plaintiff's claims. On the facts presented, the Court cannot conclude that Defendant has engaged in culpable, bad faith conduct such that it should be prevented from defending this action.

The Court therefore finds good cause under Rule 55(c) to set aside the Clerk's default against Defendant. Permitting Defendant to file its Answer, engage in discovery on the allegations of the Complaint, and prepare a defense is consistent with the policy favoring resolution of a case on its merits.

Finally, in opposing Defendant's motion to vacate default, Plaintiff requests an award of fees and costs incurred in connection with seeking entry of default, preparing its motion for default judgment, and briefing opposition to this motion. Plaintiff fails to demonstrate such an award is warranted, and the Court denies the request for fees and costs.

### III.    CONCLUSION AND ORDER

For the foregoing reasons, the Court finds, in its discretion, that Defendant has demonstrated good cause to set aside the entry of default under Rule 55(c). Defendant will be provided an opportunity to file a responsive pleading and defend against the claims asserted in Plaintiff's Complaint. In view of the vacatur of default and leave granted to Defendant to file its Answer out of time, the Court will also direct that Plaintiff's motion for default judgment be terminated as moot. Accordingly,

**IT IS** on this 18th day of November 2024,

**ORDERED** that Defendant's motion to vacate default [D.E. 14] is **GRANTED** and it is further

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 55(c), the Clerk's entry of default against Defendant shall be set aside; and it is further

**ORDERED** that Defendant shall file its Answer, as attached to its motion, within seven (7) days of this Order; or else be subject to reinstatement of default without further notice; and it is further

**ORDERED** that Plaintiff's request for an award of fees and costs is **DENIED**; and it is further

**ORDERED** that the Clerk shall mark Plaintiff's motion for default judgment [D.E. 12] as administratively terminated.

 /s/ *André M Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge